UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAMELIE SEVERE,<br><br>    Plaintiff,<br><br> -against-<br><br>SPECIAL TOUCH HOME CARE SERVICES, INC.,<br><br>    Defendant. | **Index No.**<br><br><br>**COMPLAINT** |

  Plaintiff CAMELIE SEVERE, by and through counsel, alleges upon personal knowledge as to herself, and upon information and belief as to all other matters, as follows:

## INTRODUCTION

  1. This action arises out of violations by Defendant SPECIAL TOUCH HOME CARE SERVICES, INC. ("Defendant") of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), including its failure to pay Plaintiff CAMELIE SEVERE ("Plaintiff") for all hours worked at the legally required minimum hourly wage rate, its failure to pay her federally and state mandated overtime pay at the rate of one and one half times her regular hourly rate, and failure to pay spread of hours pay.

  2. Plaintiff brings this action pursuant to the FLSA, 29 U.S.C. § 216(b), to remedy Defendant's violations of the wage and hour provisions of the FLSA which deprived Plaintiff of her lawful minimum and overtime wages.

  3. Plaintiff also brings this action to remedy Defendant's violations of the NYLL and its implementing regulations.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367, in that they arise out of the same nucleus of operative facts and are so related to Plaintiff's FLSA claims that they form part of the same case or controversy.

6. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this judicial district in that its principal place of business is located in this district and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District.

## **THE PARTIES**

7. Plaintiff CAMELIE SEVERE is a resident of Kings County in the State of New York. Defendant employed Plaintiff in or around the 2012.

8. At all times relevant to this Complaint, Plaintiff was an employee of Defendant within the meaning of the FLSA, 29 USC § 203(e) and NYLL § 651.

9. Defendant SPECIAL TOUCH HOME CARE SERVICES, INC. is a Domestic Business Corporation incorporated in the State of New York with its principal place of business located at 2091 Coney Island Avenue, Brooklyn, New York, 11223.

10. Defendant grossed more than $500,000.00 in each of the last three calendar years.

11. At all times relevant hereto, Defendant employed employees, including Plaintiff, who regularly were employed by Defendant's enterprise engaged in commerce or the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of § 3(b), (g), (i), (j) (r) and (s)(A)(i) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r), & (s)(A)(i).

12. At all times relevant hereto, Defendant has been, and continues to be, an "enterprise engaged in commerce or in the production of goods for commerce," within the meaning of 29 U.S.C. § 203 and 29 U.S.C. § 207(a)(1).

13. At all times relevant hereto, Defendant has been, and continues to be, an "employer" as defined by 29 U.S.C. § 203(D) and by the NYLL §§ 190(3) and 651(6).

## STATEMENT OF FACTS

14. Defendant provides home care services to elderly and disabled individuals throughout metropolitan New York City and surrounding areas.

15. At all relevant times, Defendant employed Plaintiff as a home health aide ("HHA") to work in and around New York City providing personal home health care and assistance to Defendant's disabled/elderly clients.

16. At all relevant times, Defendant operated a licensed home health care agency that sent Plaintiff and others to work as HHAs for Defendant's disabled/elderly clients in and around New York City.

17. Plaintiff was assigned to provide services in the homes of Defendant's disabled/elderly clients.

18. Plaintiff was responsible for all aspects of her assigned clients' welfare, including but not limited to, personal care, assistance with ambulation, house cleaning, laundering, chores, cooking and meal preparation, grooming and personal hygiene assistance, personal healthcare, reminding to take medication, toileting assistance and/or changing of clients' diapers, accompanying clients on shopping trips, and running errands for clients.

19. Starting in or around March of 2017, Defendant assigned Plaintiff to work twenty-four (24) hour shifts for a Creole speaking client. Each week Defendant assigned Plaintiff to work approximately three twenty-four (24) hour shifts for a total of seventy-two (72) hours per week.

20. While working her twenty-four (24) hour shifts, Defendant required Plaintiff to stay overnight at the residence of Defendant's client and monitor and attend to her, throughout her shifts. These shifts were known as "live-in" or "sleep-in" shifts.

21. Defendant continued to assign Plaintiff to work "live in" shifts until in or around October of 2018.

22. During these twenty-four (24) hour shifts, Defendant prohibited Plaintiff from leaving her assigned client and required her to constantly attend to the client. Defendant required Plaintiff to remain with her assigned client in the client's home except when taking the client for an outing such as shopping or a doctor's visit.

23. Plaintiff did not "live on the premises of her employer".

24. Plaintiff maintained her own residence and at no time resided in the homes of Defendant's clients.

25. Therefore, Plaintiff was not a "residential employee" as defined by 12 N.Y.C.R.R. § 142-2.1(b).

26. During every minute of her assigned shifts, Defendant controlled the activities in which Plaintiff was allowed to engage.

27. During the entire twenty-four hours of each "live-in" shift, Plaintiff was not free to leave her place of employment.

28. Plaintiff was responsible for providing care for her assigned client when the client woke up during the nighttime, which happened each night, regularly several times in a night.

29. Because Plaintiff's assigned client would wake up and need assistance during the night - including assistance toileting, changing diapers/soiled linen, and/or getting medicine or a drink for her client - Plaintiff was not able to get five (5) hours of uninterrupted sleep during her "live-in" shifts.

30. Plaintiff was given a couch/bed in the living room, in the next room over from her assigned client, to rest/sleep at night.  However, Plaintiff was required to keep the door between the living room and the client's bedroom open all night so that she could attend to her client when she awakened.

31. In addition to not being able to obtain five (5) hours of uninterrupted sleep, Plaintiff did not receive uninterrupted meal breaks and generally ate while working.  Plaintiff could not take any uninterrupted one (1) hour meal breaks during the day because of the demands of caring for her assigned client.

32. Defendant never scheduled sleep time or meal breaks for Plaintiff when she was working a "live-in" shift.

33. Although Defendant knew that Plaintiff had to work assisting the client that it had assigned to her during the night and therefore could not sleep for five (5) uninterrupted hours or take uninterrupted meal breaks, Defendant always deducted eight hours for sleep and three hours for meal breaks and only paid Plaintiff for thirteen hours for each twenty-four hour shift that she worked.

34. Despite the work that Plaintiff regularly performed during the nighttime and during her meal breaks, Defendant only paid Plaintiff for thirteen (13) hours per twenty-four (24) hour shift.

35. In 2017, Plaintiff was paid $11 per hour, thus Plaintiff was only paid approximately $6.12 per hour for all of the hours Plaintiff actually worked, well below the minimum wage.

36. In 2018, Plaintiff's paid hourly rate increased to $13 per hour, but Plaintiff was still paid only $7.04 for all hours worked.

37. As a result, Defendant paid Plaintiff at rates well below the minimum wage, in violation of the FLSA and NYLL.

38. Defendant did not pay Plaintiff spread of hours pay of one hour's pay at the NYLL minimum wage rate for each day that she worked although Plaintiff always worked shifts of more than ten hours.

39. Defendant failed to make and keep contemporaneous records of all of Plaintiff's work hours, including but not limited to alleged sleep and meal periods, in violation of 29 U.S.C. § 211(c) and the NYLL § 196-a.

40. Furthermore, Defendant also violated the FLSA and the NYLL by not paying Plaintiff overtime at the rate of one and one half (1 ½) times her regular rate of pay for each of the hours that Plaintiff worked over forty in a workweek.

41. Defendant's recordkeeping practices violated the FLSA and NYLL, and the burden should shift to Defendant to prove it properly paid Plaintiff the required minimum wages and overtime.

42. The work performed by Plaintiff was non-exempt as defined by the FLSA and the NYLL and their implementing regulations.

43. Plaintiff was not a *companion* as defined by 12 N.Y.C.R.R. § 142-2.14 because she did not live in the homes of her employers. Moreover, providing companionship is only incidental to the many duties that she performed, which included housekeeping.

44. Defendant monitored Plaintiff's compliance with its guidelines, procedures, and policies by periodically reviewing her work performance, and by sending supervisors and individuals from management to periodically observe her.

45. Plaintiff was entitled to be paid for all hours worked.

46. Plaintiff was entitled to be paid overtime, or a minimum of one and one half (1 ½) times her regular rate of pay, for all hours worked in excess of forty (40) hours.

47. At all relevant times, Defendant failed to post and/or keep posted a notice explaining employees' rights under the FLSA, in violation of 29 C.F.R. § 516.4.

48. At all relevant times, Defendant failed to post and/or keep posted in places regularly assessable to Plaintiff "a notice issued by the Department of Labor summarizing minimum wage provisions," in violation of 12 N.Y.C.R.R. §142-2.8.

49. Upon information and belief, Defendant's unlawful conduct as described herein was pursuant to a policy or practice of attempting to minimize labor costs by violating the FLSA and NYLL.

50. Defendant's unlawful conduct has been widespread, repeated and consistent.

## WAGE THEFT PREVENTION ACT VIOLATIONS

51. Defendant failed to provide Plaintiff with the notices required by NYLL §195(1).

52. Defendant violated NYLL § 195(3) by failing to furnish Plaintiff with a statement with every payment of wages, listing, among other things, all hours worked, rates paid, gross wages, deductions, and net wages.

## FIRST CAUSE OF ACTION
### (Minimum Wage Violations - FLSA)

76. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

77. Throughout the statute of limitations period covered by these claims, Plaintiff was an "employee" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e) and (g).

78. Throughout the statute of limitations period covered by these claims, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(b), 206, and 207 and therefore individually covered by the FLSA.

79. Throughout the statute of limitations period covered by these claims, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or the production or sale of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

80. Throughout the statute of limitations period covered by these claims, Defendant has had annual gross revenues in excess of $500,000.

81. Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent form is attached hereto as Exhibit A and incorporated by reference herein.

82. Throughout the statute of limitations period covered by these claims, Defendant violated the FLSA by developing a standard business practice that did not allow for the collection of accurate information on the hours worked by Plaintiff, in violation of 29 U.S.C. § 211(c), thereby failing to pay Plaintiff at the required minimum wage for each hour worked.

83. Defendant has willfully and intentionally engaged in a widespread pattern and practice of violating provisions of the FLSA by failing to pay Plaintiff at the federally mandated minimum wage for all hours worked. Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206 and 215(a).

84. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255(a).

85. As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages by being denied pay at the federally required rate for all of her hours worked in an amount to be determined at trial and is therefore entitled to recovery of such amounts, an equal additional amount as liquidated damages, post-judgment interest, reasonable attorneys' fees, and costs, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
**(Overtime Violations of the FLSA)**

86. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

87. Throughout the statute of limitations period covered by these claims, Defendant violated the FLSA by developing a standard business practice that did not allow for the collection of accurate information on the hours worked by Plaintiff, in violation of 29 U.S.C. § 211(c), thereby failing to pay Plaintiff at the required overtime rates for each hour worked above forty (40) per workweek.

88. Defendant has willfully and intentionally engaged in a widespread pattern and practice of violating provisions of the FLSA by failing to pay Plaintiff the federally mandated overtime wages for all hours worked above forty (40) per workweek. Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207 and 215(a).

89. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255(a).

90. As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages by being denied pay at the federally required rates for all of her overtime hours worked in an

amount to be determined at trial and is therefore entitled to recovery of such amounts, an equal additional amount as liquidated damages, post-judgment interest, reasonable attorneys' fees, and costs, pursuant to 29 U.S.C. § 216(b).

### THIRD CAUSE OF ACTION
### New York Labor Law, Article 19: Minimum Wages and Overtime Wages

91. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

92. At all times relevant hereto, Plaintiff was an "employee" within the meaning of N.Y. Lab. Law § 190(2), and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.14.

93. At all times relevant hereto, Defendant was an employer within the meaning of N.Y. Lab. Law § 650(6).

94. It is unlawful under the NYLL law for an employer to suffer or permit a non-exempt employee to work without paying the required minimum wage rates for all hours worked and overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

95. Defendant willfully, regularly, repeatedly and knowingly violated Plaintiff's rights by failing to pay her compensation at the required minimum wage rates for all hours worked as well as overtime compensation at the required overtime rates for hours worked in excess of forty (40) hours per workweek, in violation of the NYLL and its implementing regulations.

96. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial.

97. Also as detailed above, Defendant's actions were willful.

98. Due to Defendant's NYLL violations, Plaintiff seeks damages in the amount of her unpaid minimum wages, unpaid wages, unpaid overtime compensation, liquidated damages, pre-

10

judgment and post-judgment interest, attorneys' fees and costs, pursuant to the NYLL, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CAUSE OF ACTION
### New York Labor Law, Articles 6 and 19—Spread of Hours Pay

99. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

100. Defendant failed to pay Plaintiff an additional hour's pay at the basic minimum hourly wage rate for each day that she worked a spread of hours that exceeded ten hours or a shift in excess of ten hours, in violation of the NYLL and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4.

101. Due to Defendant's violations of the NYLL, Plaintiff is entitled to recover from Defendant her unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FIFTH CAUSE OF ACTION
### (New York Labor Law §§ 195(1) & (3) - Failure to Provide Wage Statements and Wage Notice)

102. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

103. Defendants have willfully failed to supply Plaintiff with the notices required by NYLL § 195(1) containing Plaintiff's rate or rates of pay and bases thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business,

and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

104. Defendants also willfully failed to supply Plaintiff with an accurate statement of wages as required by NYLL § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

105. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants $250 for each workweek that the violations § 195(3) occurred or a maximum of $5,000, as provided for by NYLL § 198(1)-d, and $50 dollars for each workday that the violations of § 195(1) occurred or a maximum of $5,000, as provided for by NYLL § 198(1)-b, as well as reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for relief as follows:

(a) An award of damages, including unpaid minimum wages, overtime pay according to proof, FLSA liquidated damages, and post judgment interest, to be paid by Defendant;

(b) An award of damages to Plaintiff for violations of the NYLL, including unpaid hourly wages and overtime wages, spread of hours pay, statutory penalties, and NYLL liquidated damages;

(c) Costs of action incurred herein, including expert fees;

(d) Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 663, 198 and other applicable statutes;

(e) Pre-judgment and post-judgment interest, as provided by law; and

(f) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: March 5, 2020　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　HARRISON, HARRISON & ASSOCIATES

　　　　　　　　　　　　　　　　　　　　　_____/s/ David Harrison_____
　　　　　　　　　　　　　　　　　　　　　David Harrison, Esq.
　　　　　　　　　　　　　　　　　　　　　Julie Salwen, Esq.
　　　　　　　　　　　　　　　　　　　　　110 State Highway 35, Suite 10
　　　　　　　　　　　　　　　　　　　　　Red Bank, NJ 07701
　　　　　　　　　　　　　　　　　　　　　(718) 799-9111 Phone
　　　　　　　　　　　　　　　　　　　　　(718) 799-9171 Fax
　　　　　　　　　　　　　　　　　　　　　dharrison@nynjemploymentlaw.com
　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*

# EXHIBIT "A"

I am a current or former employee of Special Touch Homecare and/or related entities/individuals. I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Harrison, Harrison & Associates, Ltd. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Signed this 10 day of December, 2019.

_Carmelie Severe_
Signature

CAMELIE SEVERE
Full Legal Name (print)